**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Stacey Postma, | ) | CASE NO. 1:11 CV 1703 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge George J. Limbert (Doc. 22), recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the following reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

**(b) Dispositive Motions and Prisoner Petitions.**

> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

### **ANALYSIS**

Plaintiff filed an application for Supplemental Security Income and Disability Income Benefits alleging an onset date of April 1, 2005.  The Administrative Law Judge ("ALJ") determined at step two that plaintiff suffered from the severe impairments of chronic pain syndrome, depression, post traumatic stress syndrome, and opioid dependence.  The ALJ further concluded that plaintiff suffered from Wolfe-Parkinson Syndrome, a non-severe impairment.  At step three, the ALJ determined that plaintiff's impairments, either alone or in combination, do not meet or equal a listed impairment.  The ALJ then found that plaintiff maintained the residual functional capacity to perform a significant number of jobs in the national economy.  Accordingly, plaintiff is not entitled to an award of benefits.

Plaintiff appealed the ALJ's determination and the Magistrate Judge recommends that this Court affirm the decision.  Plaintiff objects to the R&R on three grounds.  Each will be addressed in turn.

    1.    Post traumatic stress syndrome

Plaintiff argues that the ALJ failed to address whether the severe impairment of post

traumatic stress syndrome meets or equals a listing. The Magistrate Judge concluded that, although the ALJ did not expressly address Listing 12.06 (Anxiety Related Disorders), the ALJ did in fact address Listing 12.04 (Affective Disorders). Because the "part B" criteria are identical for both listings and because the record wholly fails to support Listing 12.06's "part C" criteria, remand would serve no useful purpose, as the Court can engage in meaningful judicial review.

Plaintiff objects to the Magistrate Judge's conclusion. According to plaintiff, the Magistrate Judge erred by conducting an "*ad hoc*" review of the ALJ's decision. Plaintiff claims that the ALJ's failure to consider her post traumatic stress syndrome is error.

Upon review, the Court rejects plaintiff's objection. The ALJ did not cite Listing 12.06 in evaluating plaintiff's severe impairment of post traumatic stress syndrome. However, the ALJ did in fact address whether the relevant "part B" criteria were satisfied in connection with addressing plaintiff's depression pursuant to Listing 12.06. The "part B" criteria for both listings are the same. Thus, although the ALJ did not use the words "post traumatic stress syndrome," nor cite Listing 12.06, the ALJ did determine that plaintiff's "mental impairments" do not meet or equal Listing 12.04. Because the requirements of "part B" are identical for both listings, the ALJ did in fact determine that plaintiff does not satisfy the "part B" criteria for Listing 12.06. Thus, the only issue is whether the ALJ's failure to expressly address whether plaintiff's post traumatic stress disorder satisfies the "part C" criterion requires remand. The Court finds that it does not. In order to satisfy "part C" criterion, plaintiff must establish that she has a "complete inability to function independently outside the area of [her] home." The ALJ, however, expressly noted that plaintiff goes to church and attends counseling services. Thus, the Court

finds that the ALJ provided sufficient analysis at step 3 to enable the Court to conduct a meaningful review. As such, the objection is not well-taken.

2. Failure to consider medical records

According to plaintiff, the ALJ failed to consider plaintiff's hospitalization in June of 2009, during which plaintiff was hospitalized for depression with suicidal ideations, and post traumatic stress disorder. Plaintiff argues that, although the ALJ considered other similar psychiatric hospitalizations, the ALJ does not expressly discuss the medical records from June of 2009. The Magistrate Judge concluded that the ALJ need not discuss each and every piece of evidence, provided the evidence as a whole supports the decision. This Court agrees. As the Magistrate Judge noted, the ALJ analyzed a hospitalization in November of 2009, by noting that plaintiff's GAF score vastly improved by the end of the year. The ALJ further noted that plaintiff attempted suicide in October and November of 2009 and that her psychiatrist retained the diagnosis of "benzodiazepine and opiate abuse." Similarly, the notes from the hospitalization in June of 2009 show that she was often drowsy and over-medicated, but that she became "clear-headed" after she "detoxed" from her medication and further show a similar improvement in her GAF score. Accordingly, the Magistrate Judge correctly determined that the ALJ did not err in failing to specifically discuss records pertaining to the hospitalization in June of 2009.

3. Credibility

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ correctly assessed plaintiff's credibility. This Court disagrees.

> An ALJ is in the best position to observe witnesses' demeanor and to make an appropriate evaluation as to their credibility. Therefore, an ALJ's credibility assessment

4

>will not be disturbed "absent compelling reason." In making a credibility determination, Social Security Ruling 96–7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence.

*Reynolds v. Commissioner of Social Security*, 2011 WL 1228165 at \*\*4 (6 th Cir. 2011).

Here, as discussed by the Magistrate Judge, the ALJ concluded that the objective medical evidence did not support a finding of disabling pain. The ALJ noted that plaintiff had been accused of "doctor shopping" and that treating sources believed she was "taking excessive narcotic medication for relatively insignificant and stable findings." As the Magistrate points out, the ALJ repeatedly referred to comments in the medical record regarding plaintiff's drug-seeking behavior and recommendations that plaintiff be weaned from her medication. Accordingly, the Court agrees with the Magistrate Judge that the decision to discount plaintiff's credibility is supported by substantial evidence.

### **CONCLUSION**

For the foregoing reasons, the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. 22), is ACCEPTED and the decision of the Commissioner is AFFIRMED. The R&R is incorporated herein by reference.

        IT IS SO ORDERED.


                              /s/ Patricia A. Gaughan
                             PATRICIA A. GAUGHAN
                             United States District Judge

Dated: 9/7/12